## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOHN K. WILSON,** | :     **CIVIL ACTION NO.:** |
| |                  **17-1838** |
|        **Plaintiff,** | : |
| | : |
|   **v.** | : |
| | : |
| **DATARAY, INCORPORATED, STEVEN E. GARVEY,** | : |
| **JOY E. GARVEY, KEVIN E. GARVEY,** | : |
| **MELINDA M.G. DRAGONE, and NATALIA G.** | :     **NOVEMBER 1, 2017** |
| **TJANDRA,** | |
|        **Defendants.** | : |

## COMPLAINT

Plaintiff, John K. Wilson ("Plaintiff"), by his attorneys, McCarter & English, LLP, for his Complaint against defendants DataRay, Inc. ("DataRay"), Steven E. Garvey, Joy E. Garvey, Kevin E. Garvey, Melinda M.G. Dragone, and Natalia G. Tjandra (collectively, with DataRay, "Defendants") states as follows:

## NATURE OF THE ACTION

This is an action for the violation of state and federal wage and hours laws by a former employee of the Defendants. Pursuant to a decision, policy, and plan, Plaintiff was unlawfully classified by Defendants as an independent contractor not subject to laws requiring overtime pay. Plaintiff has at all times been an employee, as defined by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* entitled to overtime pay and other benefits and privileges provided to employees.

## THE PARTIES

1.  Defendant DataRay, Incorporated ("DataRay") is a California corporation with its principal place of business located at 1675 Market Street Redding, California. DataRay does business in all fifty states and the United States Territories. DataRay was an employer of Plaintiff as that term is defined in the FLSA.

2.  Defendant Steven E. Garvey is a California resident and is the Chief Executive Officer of DataRay. At all times relevant to this Complaint, Defendant Steven E. Garvey had the authority to set the hours of employment, hire and fire, maintain employment records, to direct the work and to determine the rate and method of payment of wages of Plaintiff. Defendant Steven E. Garvey's exercise of that authority was the direct cause of DataRay's failure to pay wages as set forth below. Accordingly, Defendant Steven E. Garvey was the employer of Plaintiff, as that term is defined in the FLSA.

3.  Defendant Joy E. Garvey is a California resident and is a Director of DataRay. As a principal of DataRay, Defendant Garvey had control over the terms and conditions of Plaintiff's employment. At all times relevant to this Complaint, Defendant Joy E. Garvey had the authority to set the hours of employment, hire and fire, maintain employment records, to direct the work and to determine the rate and method of payment of wages of Plaintiff. Defendant Joy E. Garvey's exercise of that authority was the direct cause of DataRay's failure to pay wages as set forth below. Accordingly, Defendant Joy E. Garvey was the employer of Plaintiff, as that term is defined in the FLSA.

4.  Defendant Kevin E. Garvey is a California resident and is the Chief Operating Officer of DataRay. At all times relevant to this Complaint, Defendant Kevin E. Garvey had the authority

2

ME1 25949244v.3

to set the hours of employment, hire and fire, maintain employment records, to direct the work and to determine the rate and method of payment of wages of Plaintiff. Defendant Kevin E. Garvey's exercise of that authority was the direct cause of DataRay's failure to pay wages as set forth below. Accordingly, Defendant Kevin E. Garvey was the employer of Plaintiff, as that term is defined in the FLSA.

5.   Defendant Melinda M.G. Dragone is a California resident and is a Director and Secretary of the Board of Directors of DataRay.  At all times relevant to this Complaint, Defendant Dragone had the authority to set the hours of employment, hire and fire, maintain employment records, to direct the work and to determine the rate and method of payment of wages of Plaintiff. Defendant Dragone's exercise of that authority was the direct cause of DataRay's failure to pay wages as set forth below. Accordingly, Defendant Dragone was the employer of Plaintiff, as that term is defined in the FLSA.

6.   Defendant Natalia G. Tjandra is a California resident and is the Chief Financial Officer of DataRay.  At all times relevant to this Complaint, Defendant Tjandra had the authority to set the hours of employment, hire and fire, maintain employment records, to direct the work and to determine the rate and method of payment of wages of Plaintiff.  Defendant Tjandra's exercise of that authority was the direct cause of DataRay's failure to pay wages as set forth below. Accordingly, Defendant Tjandra was the employer of Plaintiff, as that term is defined in the FLSA.

7.   Plaintiff John K. Wilson is a Connecticut resident and was employed by Defendant for approximately thirteen years, commencing in February of 2004 and ending in September of 2017. At all times relevant Plaintiff was an employee, as that term is defined by the Fair Labor

Standards Act, 29 U.S.C. § 203(e)(1), of the Defendants as Vice President of Sales and Marketing.

## JURISDICTION AND VENUE

8.   This court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.   This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.   Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District.   Venue is proper in this District also because there is personal jurisdiction of this District over Defendants.   At all relevant times, Defendants conducted substantial, continuous, and systematic commercial activities in this District.

## FACTS COMMON TO ALL CLAIMS

10.  Defendant DataRay was founded in California in 1988.   Defendant develops standard and custom photonics products and software applications which are sold to third parties.

11.  Commencing in February of 2004, Defendants employed Plaintiff as Vice President of Sales and later added marketing responsibilities, making Plaintiff Vice President of Sales and Marketing. The employment relationship was governed by oral agreements.

12.  At all times that Plaintiff worked for Defendants, DataRay held and represented Plaintiff to be Vice President of Sales and/or Marketing.   As Vice President of Sales and Marketing, Plaintiff played an integral role in Defendants' business operations.

4

13. Commencing in 2004, Defendants misclassified Plaintiff as an independent contractor and paid Plaintiff at an hourly rate of $32.60 per hour.

14. Defendants provided Plaintiff with business cards featuring the DataRay logo which named Plaintiff as the "VP of Sales and Marketing."  Defendants listed Plaintiff's residential address in Wilton, Connecticut address as the company's "East Coast Office."

15. Plaintiff was given a DataRay email address from which he was to conduct business, in addition to a company-owned laptop, office phone, router, handsets, and other equipment for business use.

16. At all relevant times during his employment with DataRay, Plaintiff used company owned equipment to perform his services for DataRay.

17. Throughout his employment with DataRay, Plaintiff did not offer sales or marketing services to other entities or the public.

18. Plaintiff did not supervise or oversee the work of any other employees of the Defendants.

19. Plaintiff did not have the authority to hire or fire any of Defendants' employees, nor was did have input into hiring or firing decisions.

20. In 2004 and 2005, Plaintiff invoiced Defendants for actual hours worked.  Plaintiff was told in 2005 to only invoice Defendants for a maximum of eighty-eight (88) hours per bi-weekly pay period regardless of hours actually worked.

21. Despite Defendants' insistence that Plaintiff submit timesheet invoices for a maximum of eighty-eight (88) hours per bi-weekly pay period regardless of hours actually worked, Plaintiff

5

regularly worked twelve (12) to fifteen (15) hour work days as required by the demands of the job.

22. Defendants required Plaintiff to maintain client relationships with clients in Europe and Asia, routinely necessitating phone calls as early as 3:00 or 4:00 a.m. EST, but more regularly 6:00 or 7:00 a.m EST.

23. Plaintiff routinely began his workday, Monday through Friday, between 7:30 and 8:00 a.m.

24. Because DataRay is located in California and Plaintiff was based in Connecticut, Plaintiff routinely worked until 7:00 or 8:00 p.m., Monday through Friday, to communicate and coordinate with DataRay employees on the West Coast.

25. Accordingly, Plaintiff regularly worked in excess of sixty (60) hours per week at all relevant times.

26. Plaintiff was compensated for only eighty-eight (88) hours per bi-weekly pay period at a rate of $32.60 per hour.

27. Plaintiff should have been compensated at a rate of $48.90 for all hours worked in excess of forty (40) hours per week.

28. By paying Plaintiff for a capped eight-eight hours of regular time on a bi-monthly basis, Defendants did not compensate Plaintiff at the overtime rate of time-and-a-half of Plaintiff's regular rate for the first four hours of work performed by Plaintiff each week in excess of forty (40) hours.

ME1 25949244v.3

29. While Plaintiff regularly worked sixty (60) or more hours on a weekly basis, Plaintiff was not compensated at all for work performed in excess of eighty-eight (88) hours per bi-weekly pay period, either at his regular hourly rate or at an overtime rate of time-and-a-half.

30. Because he was misclassified by Defendants as an independent contractor, Plaintiff did not receive the benefits that other employees of DataRay received, including but not limited to, health insurance, dental insurance, prescription drug coverage, worker's compensation coverage, group term life insurance, short and long-term disability insurance, and paid vacations and holidays.

31. Because he was misclassified by Defendants as an independent contractor, Plaintiff was responsible for payment of all taxes, including but not limited to Federal, State, Social Security, and Medicare taxes.

32. From the commencement of his employment, Plaintiff was not free from direction or control in the performance of his duties for Defendant, under contract of hire or in fact.

33. At all times material hereto, Plaintiff's services were not performed outside of the usual course of DataRay's business.

34. At all times material hereto, Plaintiff was not customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service that he performed for, and on behalf of, Defendants.

35. Defendants promised Plaintiff additional compensation in the form of profit sharing in the amount of 2.4% of DataRay's annual sales.

MEI 25949244v.3

36. Plaintiff received the agreed 2.4% profit sharing payments on a quarterly basis from 2004 to 2014.

37. Plaintiff's profit sharing amount was unilaterally reduced to 1.2% in 2014 and again reduced to .6% in 2017.

38. Plaintiff did not receive a profit sharing payment for the quarter ending September of 2017.

39. Defendants  further promised Plaintiff, by oral agreement, 10% of the sale price of DataRay upon a change in control.  This promise was to be upheld whether or not Plaintiff continued to work for Defendants.

40. Defendants terminated Plaintiff's employment in September of 2017.

41. Plaintiff has not been paid for the services he was suffered to render for Defendants in September of 2017, nor profit sharing for 3rd quarter July, August, September 2017.

42. Defendants have disclaimed any obligation to compensate Plaintiff for the 10% of the sale price of DataRay.

43. By requiring Plaintiff to invoice only eighty-eight (88) hours of work per bi-weekly pay period, Defendants are not maintaining an accurate record of Plaintiff's working hours.

44. Defendants' violations of the law have been willful and intentional.

ME1 25949244v.3

## FIRST CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act: Failure to Pay Overtime)

45. Plaintiff repeats and realleges all of the allegations in all preceding paragraphs as if same were fully set forth herein at length.

46. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the FLSA pursuant to 29 U.S.C. § 203(e).

47. Plaintiff is informed and believes and thereon alleges that at all relevant times, the Defendants have been, and continue to be, "employer[s]" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, the Defendants employed Plaintiff as an "employee" within the meaning of the FLSA. At all relevant times, the Defendants have had gross operating revenues in excess of $500,000.

48. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked sixty (60) or more hours per workweek.  Plaintiff was not free from direction or control in the performance of his service under the contract of hire or in fact.

49. At all relevant times, Defendants have  operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiff was entitled to overtime.

50. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, time and a half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

ME1 25949244v.3

51. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

52. Defendants' unlawful conduct, as aforesaid, has been intentional and willful and Defendants were aware of should have been aware, that the practices described in this Complaint were unlawful.

53. Defendants have not made a good faith effort to comply with the wage and hour laws and regulations with respect to compensation of Plaintiff.

54. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied benefits, privileges, and perquisites to which Plaintiff is entitled in amounts to be determined at trial and is entitled to the recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA,  29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act: Failure to Pay Wages)

45. Plaintiff repeats and realleges all of the allegations in all preceding paragraphs as if same were fully set forth herein at length.

55. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the FLSA pursuant to 29 U.S.C. § 203(e).

56. Plaintiff is informed and believes and thereon alleges that at all relevant times, the Defendants have been, and continue to be, "employer[s]" engaged in interstate "commerce"

10

within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, the Defendants employed Plaintiff as and "employee" within the meaning of the FLSA. At all relevant times, the Defendant have had gross operating revenues in excess of $500,000.

57. Defendants have failed and refused to pay Plaintiff remuneration at his regular hourly rate or at the overtime rate of time-and-a-half of his regular rate for the services Plaintiff rendered as an employee in excess of eighty-eight (88) hours on a bi-weekly basis.

58. Defendants' unlawful conduct, as aforesaid, has been intentional and willful, and Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

59. Defendants have not made a good faith effort to comply with the mandates of the  wage and hour laws and regulations.

60. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages for non-payment of wages in accordance with the FLSA in an amount to be determined at trial and is entitled to the recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
### (Fair Labor Standards Act: Failure to Pay Wages)

45. Plaintiff repeats and realleges all of the allegations in all preceding paragraphs as if same were fully set forth herein at length.

ME1 25949244v.3

61. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the FLSA pursuant to 29 U.S.C. § 203(e).

62. Plaintiff is informed and believes and thereon alleges that at all relevant times, the Defendants have been, and continue to be, "employer[s]" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, the Defendants employed Plaintiff as and "employee" within the meaning of the FLSA. At all relevant times, the Defendant have had gross operating revenues in excess of $500,000.

63. Defendants have failed and refused to pay Plaintiff remuneration for the services Plaintiff rendered as an employee of Defendant in the month of September, 2017.

64. Defendants' unlawful conduct, as aforesaid, has been intentional and willful, and Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

65. Defendants have not made a good faith effort to comply with the mandates of the wage and hour laws and regulations.

66. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages for non-payment of wages in accordance with the FLSA in an amount to be determined at trial and is entitled to the recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

45. Plaintiff repeats and realleges all of the allegations in all preceding paragraphs as if same were fully set forth herein at length.

67. Plaintiff was promised compensation in the form of profit sharing payments to be made on a quarterly basis as partial consideration for Plaintiff's services as Vice President of Sales and Marketing for Defendants.

68. Plaintiff fully performed his obligations under the agreement by rendering services for Defendants.

69. Defendants failed to pay Plaintiff the promised profit sharing payments for the quarter ending September 30, 2017.

70. As a direct and proximate result of Defendants' failure to pay Plaintiff the promised profit sharing payments, Plaintiff has suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Breach of Contract)

45. Plaintiff repeats and realleges all of the allegations in all preceding paragraphs as if same were fully set forth herein at length.

71. The Plaintiff and Defendants entered into a valid contract in which the Plaintiff agreed to perform sales and marketing services for Defendants in exchange for 10% of the sale price of DataRay upon a change in control. This promise was to be upheld whether or not Plaintiff continued to work for Defendants.

ME1 25949244v.3

13

72. Plaintiff performed his obligations faithfully under the agreement by rendering services for Defendants.

73. The Defendants have materially breached the agreement by disclaiming any obligation to pay Plaintiff 10% of the sale price of DataRay upon a change in control.

74. As a direct and proximate result of Defendants' refusal to acknowledge Plaintiff's claim to equity in the company, Plaintiff has suffered damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Violation of Conn. Gen. Stat. § 31-76k)

45. Plaintiff repeats and realleges all of the allegations in all preceding paragraphs as if same were fully set forth herein at length.

75. At all relevant times, Plaintiff was an employee of Defendants within the meaning of Connecticut Wage Payment laws, Conn. Gen. Stat. §§ 31-58, *et seq*.

76. At all relevant times, Defendants were employers within the meaning of Connecticut Wage Payment laws, Conn. Gen. Stat. §§ 31-58, *et seq*.

77. Plaintiff is informed and believes and thereon alleges that at all relevant times, the Defendant offered health insurance, dental insurance, prescription drug coverage, worker's compensation coverage, group term life insurance, short and long-term disability insurance, and paid vacations and holidays.

78. Plaintiff is informed and believes and thereon alleges that at all relevant times, the Defendant offered health insurance, dental insurance, and prescription drug coverage for its employees.

14

79. Plaintiff is informed and believes and thereon alleges that at all relevant times, the Defendant provided group term life insurance and short and long-term disability insurance for its employees.

80. Plaintiff is informed and believes and thereon alleges that at all relevant times, the Defendant maintained a general plan or practice regarding paid vacations and holidays.

81. Defendants never made available and/or paid to Plaintiff any of the benefits that it made available and/or paid to its other employees, including but not limited to, 401k profit sharing, health insurance, dental insurance, prescription drug coverage, worker's compensation coverage, group term life insurance, short and long-term disability insurance, and paid vacations and holidays.

82. By failing to make available to Plaintiff the aforesaid benefits that Defendants made available and/or paid to its other employees, and for which benefits Plaintiff was eligible and entitled to receive had he been properly classified by Defendants as an employee, Defendants failed to remit payment of fringe benefits to Plaintiff in violation of Conn. Gen. Stat. § 31-76k.

83.    As a direct and proximate result of Defendants' violations of Conn. Gen. Stat. § 31-76k, Plaintiff has suffered damages in an amount to be determined at trial.

ME1 25949244v.3

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants as follows:

A.  An award of damages, according to proof, including liquidated damages, to be paid

by Defendants;

B.  Payment of attorney's fees, as provided by applicable law;

C.  On all claims for relief, prejudgment and post-judgment interest, as provided by

applicable law; and

D.  Such other and further legal and equitable relief as this Court deems just and proper.


Dated: Stamford, Connecticut


                                        McCarter & English, LLP

                                        By: _____
                                          Craig Bonnist, Esq. (ct29469)
                                          One Canterbury Green
                                          201 Broad Street
                                          Stamford, CT 06901
                                          (203) 399-5919 ph.
                                          *Attorneys for Plaintiff*

16

## DEMAND FOR JURY TRIAL

Plaintiff, John K. Wilson, through his undersigned counsel demands that the above case be tried by a Jury.

McCarter & English, LLP

By: _____
Craig Bonnist, Esq. (ct29469)
One Canterbury Green
201 Broad Street
Stamford, CT 06901
(203) 399-5919 ph.
*Attorneys for Plaintiff*

17

MEI 25949244v.3