UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN K. WILSON,<br>    Plaintiff,<br><br>v.<br><br>DATARAY, INCORPORATED, STEVEN E. GARVEY, JOY E. GARVEY, KEVIN E. GARVEY, MELINDA M.G. DRAGONE, and NATALIA G. TJANDRA,<br><br>    Defendants. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO.: 17-1838<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT OF WAGE AND HOUR CLAIMS

**MCCARTER & ENGLISH, LLP**
Attorneys for Plaintiff
Hugh Murray
Craig Bonnist
One Canterbury Green
201 Broad Street
Stamford, CT 06901


**ZANGARI COHN CUTHBERTSON
DUHL & FRELLO P.C.**
Attorneys for Defendants
Hugh Cuthbertson
59 Elm Street, Suite 400
New Haven, CT 06510

**WELLS SMALL FLEHARTY & WEIL
ATTORNEYS AT LAW**
Attorneys for Defendants
Mark Vegh
P.O. Box 991828
292 Hemsted Drive
Redding, CA 96000

Plaintiff and Defendants jointly move for approval of the settlement of the wage-and-hour claims that was reached at the all-day settlement conference with Magistrate Judge William I. Garfinkel on August 7, 2018.

The parties jointly request a conference on the record, whether in person or by conference call, at which counsel for the parties can answer any questions and provide additional information about the settlement terms, and the Court can confirm that there are no objections to the settlement.

## BACKGROUND

Plaintiff filed the Complaint initiating this action on November 1, 2017. The Complaint has counts that arise under the Fair Labor Standards Act ("FLSA") and counts that arise under common law. Plaintiff claims that he was not paid overtime for all hours worked in excess of 40 in a work week, as required by the FLSA. The Defendants had treated the Plaintiff as an independent contractor rather than as an FLSA employee, and claimed that the Plaintiff was properly classified as an independent contractor. The parties also disagreed over whether, if he had been an employee, whether he was exempt from overtime as an outside sales employee. Plaintiff alleges that these violations were willful, extending the statute of limitations to a three (3) year period and subjecting the Defendants to the potential for liquidated damages. Plaintiff invoiced a maximum of eighty eight (88) hours per semi-monthly pay period, and he alleges that while he worked well in excess of that amount he had been instructed to submit only that amount regardless of how much he worked, and that the Defendants were aware that he worked more than that amount. Defendant DataRay paid Plaintiff a straight-time rate of $32.60 per hour for all hours invoiced. Plaintiff argues that he should have been paid the overtime rate of time-and-

one-half for the time worked over forty (40) hours per week, and demanded an additional $16.30 per hour for the eight (8) overtime hours invoiced per pay period.

Defendants claim that the average hours worked per week, based on a semi-monthly pay period, is 40.26 hours per week and therefore only 0.62 of the invoiced hours earned the overtime rate. However, Plaintiff alleges that he worked far in excess of eighty eight (88) hours per week. Defendants claims that there was not sufficient proof of this time worked, relying on the invoices provided by Plaintiff. Plaintiff alleges that these hours were not invoiced because of Defendants' instruction to invoice a maximum of eighty-eight (88) hours per pay period in violation of the FLSA. Plaintiff contends that he worked at least sixty (60) hours most weeks, but was only paid for the eighty-eight (88) hours he was allowed to invoice. Plaintiff claims that he is owed the full over-time rate of $48.90 for at least sixteen (16) hours per week for those pay periods in which his invoices were capped at eighty-eight (88) hours. Plaintiff claims unpaid wages under the FLSA totaling $68,851.20 for the sixteen (16) additional hours worked for the forty-four (44) pay periods in which he invoiced only eighty-eight (88) hours.

Plaintiff also alleges that he was not paid for work completed from September 1, 2017 to September 9, 2017, when he was terminated by Defendants. Plaintiff contends that he worked forty-eight (48) hours during this time and is owed wages at his regular rate for forty (40) hours and overtime for eight (8) hours. Plaintiff claims unpaid wages of $2,542.80 for this period.

Plaintiff's non-FLSA claims include breach of contract on two grounds. Plaintiff alleges that he entered into a valid contract with Plaintiff to perform sales and marketing services for Defendants in exchange for 10% of the sale price of Defendant Company upon change in control. Defendants deny the agreement is enforceable. Plaintiff also claims that he was promised compensation in the form of profit sharing payments to be made on a quarterly basis as partial

3

consideration for his services. Plaintiff contends he fully performed his obligations under the agreement, but that Defendants failed to pay Plaintiff the promised profit sharing payments for the quarter ending in September 2017. For these reasons, Plaintiff claims breach of contract.

On August 7, 2018, the parties and their respective counsel attended a settlement conference with Magistrate Judge Garfinkel. At this settlement conference, parties discussed their claims at length and negotiated terms for settlement of all claims. The parties eventually agreed to a global settlement of all claims for $200,000. See *Exhibit A*, Settlement Agreement. The parties allocated $5,000 of the settlement amount to the FLSA portion of Plaintiff's claims. This is the only portion of the settlement which requires court approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815, 165 Lab. Cas. (CCH) P36,366, 25 Wage & Hour Cas. 2d (BNA) 138, 92 Fed. R. Serv. 3d (Callaghan) 494 (2d Cir. August 7, 2015).

**ARGUMENT**

The following circumstances support approval of the settlement.

A.  Adequate Representation and Arm's-Length Negotiation

A proposed settlement is presumed to be fair and reasonable where, as here, it is the result of arm's-length negotiations by experienced counsel. *Russell v. Broder & Orland, LLC*, 2018 U.S. Dist. LEXIS 104654, *12-15 (approving settlement negotiate at arms-length before Magistrate Judge Garfinkel, where the Plaintiff was represented by two attorneys with significant experience). Magistrate Judge Garfinkel presided over a day-long settlement conference on August 7, 2018, which was attended by Plaintiff, Plaintiff's Counsel,[1] Defendants Joy E. Garvey and Kevin E. Garvey, and Defendants' Counsel. *See* Declaration of Hugh Murray, ¶ 3. For this reason, the proposed settlement is the result of arm's-length negotiations. *Id.*, ¶ 8. Plaintiffs'

---

[1] Plaintiff appeared with Hugh Murray and an associate from McCarter and English.

counsel, Hugh Murray and Craig Bonnist of McCarter & English, LLP, are experienced wage and hour litigators. *Id.*, ¶ 9. Furthermore, Plaintiff was adequately represented by experienced counsel from the inception of this litigation until the settlement was reached. *Id.*, ¶ 10. *See Russell v. Broder & Orland, LLC*, 2018 U.S. Dist. LEXIS 104654, *14-15 (finding Plaintiff was adequately represented where represented by two attorneys with significant experience, both of whom "came to a similar conclusion regarding the settlement").

B.   Consent of All Parties.

The Plaintiff has agreed to the settlement. Murray Decl., ¶ 7. Defendants DataRay, Incorporated, Steven E. Garvey, Joy E. Garvey, Kevin E. Garvey, Melina M.G. Dragone, and Natalia G. Tjandra join in the motion for approval of the settlement of the wage-and-hour claims.

Accordingly, all of the parties who will be bound by the settlement are before the Court and have joined in this motion.

C.   Adequate Information

The settlement negotiations were conducted after the parties exchanged and obtained sufficient information to make an informed decision about the benefits of the settlement in comparison with continued litigation. Murray Decl., ¶ 11. The parties exchanged informal discovery, including the exchange of documents. *Id.* The parties also provided their counsel with relevant factual information from their own personal knowledge. *Id.* The parties and their counsel thus had sufficient information to evaluate the strengths and weaknesses of the claims and defenses.

D.  Substantial Defenses

The Defendants have asserted defenses, several of which, if established, could be complete defenses and would result in a judgement against the Plaintiff. These defenses include the following:

(1) The Statute of Limitations. The statute of limitations for a cause of action for minimum wage or overtime claims under the FLSA is two (2) years, unless a violation is proven to be willful, in which case the statute of limitations is extended to three (3) years. 29 U.S.C. § 255(a). Some of the damages that the Plaintiff has claimed for unpaid wages and overtime are for time periods outside of the two-year statute of limitations period. In order to prevail on all of these claims, Plaintiff would have to establish that Defendants committed a willful violation as to them and that the three-year statute of limitations applies. Defendants have contended that Plaintiff would not be able to establish a willful violation. If Plaintiff were to fail to prove a willful violation, a portion of his claims would be time-barred, and he would only be able to recover for violations within the two-year statute of limitations.

(2) The Outside Sales Exemption. Under 29 C.F.R. § 541.500, an employee is exempt from minimum wage and overtime if the employee's primary duty is: making sales and the employee is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty. They dispute whether the Plaintiff was regularly engaged away from the employer's place or places of business. If Defendants were to prevail on this issue, the Plaintiff would lose his claims and recover nothing.

(3) <u>The Good Faith Defense to Liquidated Damages</u>. Under 29 U.S.C. § 260, even if a violation of the FLSA is proven, liquidated damages will not be awarded if the defendant established that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA. Defendants claim to have relied on the invoices submitted by Plaintiff to calculate wage payments. The parties dispute the accuracy of invoices submitted.

(4) <u>The Plaintiff's Alleged Failure to Report Hours Worked</u>. Plaintiff alleges that he worked hours that he did not record on his timesheets per Defendants' instruction and that he is owed wages and overtime for such hours. Defendants have produced time sheets for Plaintiff which show hours recorded under the alleged 88 hour time limit. The Parties dispute whether hours worked by Plaintiff were not recorded because Defendant limited Plaintiff from reporting all hours worked or because Plaintiff did not work the hours he did not report. If Defendants were to prevail on this issue, Plaintiff would recover nothing.

E.   <u>Bona Fide Disputes</u>

There are multiple additional bona fide disputes regarding the Plaintiffs' claims and the defenses, including the following:

a)   Whether Plaintiff was misclassified as an independent contractor;

b)   Whether the Plaintiff worked the hours he claimed to have worked. Plaintiff faces additional difficulties in proving his claims on this issue because Plaintiff does not have records listing the total hours that he claims to have worked. As a result, Plaintiff's damages calculations relied on certain estimations. The difficulties

Plaintiff would face in proving his contentions on this disputed factual issue demonstrates that this is a bona fide dispute, which supports approval of the settlement. *See Russell v. Broder & Orland, LLC*, 2018 U.S. Dist. LEXIS 104654, at *11-12.

c) Whether Plaintiff was regularly engaged away from the Defendants' regular places of business when making sales and were exempt from the FLSA's minimum wage and overtime requirements;

d) If Plaintiff was not exempt, and was not paid for all hours worked, whether the Defendants acted in good faith; and

e) If the Defendants violated the FLSA, whether the violation was willful; *Matysiak v. Shamas*, 2015 U.S. Dist. LEXIS 108384, *14-15, 2015 WL 4939793 (willfulness was disputed, and if conduct was not willful, two-year statute of limitations would apply and some of Plaintiff's damages are not recoverable").

In light of the bona fide disputes and the defenses, it is highly uncertain whether Plaintiff would prevail or recover any damages at the conclusion of what would be a lengthy litigation. In contrast, the proposed settlement would provide an ascertainable benefit now. *See Stickel v. SMP Servs., LLC.*, No. 1:15-CV-00252, 2016 WL 827126, at *2 (M.D. Pa. Mar. 1, 2016) (FLSA settlement approved where the parties disagreed over whether Plaintiff worked overtime hours, the "applicability of any liquidated damages provisions," whether the plaintiff was exempt under the FLSA, and whether the Defendants violated the FLSA).

F. <u>Fair and Reasonable Terms</u>

The parties dispute the amount owed to Plaintiff for unpaid overtime wages under the FLSA. The Plaintiff alleges that he was instructed to limit the number of hours he reported to his

employer to 88 hours in a bi-monthly period, but that he worked substantially more than that and that the Defendants knew that he worked substantially more than that. The Defendants raised several defenses to the FLSA claims, including: (1) that the Plaintiff was not an employee subject to the FLSA because he was an independent contractor; (2) that if Plaintiff were an employee, he was exempt from overtime under the outside sales exemption of the FLSA; and (3) that the Plaintiff did not work the number of overtime hours that he alleges he worked. The Defendants allege that even if he were a non-exempt employee, the range of unpaid overtime in under $1,000. The Plaintiff contends that the unpaid overtime exceeded $50,000. As part of the global settlement, the parties agreed to settle all FLSA claims for a total of $5,000. Murray Decl., ¶ 13. Therefore the benefits to the Plaintiffs pursuant to the settlement are fair and reasonable in light of the multiple bona fide disputes and defenses. *See Russell v. Broder & Orland, LLC*, 2018 U.S. Dist. LEXIS 104654, *12-15 (settlement was reasonable in light of significant litigation risk).

G. Scope of the Release

Because this matter involves a global settlement of all claims asserted between the parties, including counter-claims, the settlement contains mutual general releases. In light of these circumstances, the parties believe that this is fair and reasonable.

H. The Attorneys' Fees are Reasonable

The attorneys' fees under the settlement agreement are one-third of the total $200,000 global settlement, which is in accordance with the agreement between Plaintiff and his attorneys. While not separated out, it is rational to apply the one-third calculation to the allocated FLSA amount of $5,000 and identify $1,666.67 as fees allocable to the FLSA portion of the claim. None of the fees are reducing the $5,000 allocated to the FLSA portion of the settlement.

ME1 27941237v.3

Murray Decl., ¶ 23. The fees are far less than the value of the time spent on the FLSA portion of the claim would have been on an hourly basis. *Id.*, ¶ 23. The fees are within the range of reasonable attorneys' fees for claims of this type.

## CONCLUSION

For all of these reasons, the parties submit that the proposed settlement of the wage-and-hour claims is fair and reasonable. The parties jointly request that the proposed settlement of the wage-and-hour claims be approved and that all of the claims asserted in this lawsuit be dismissed with prejudice. The parties have submitted a proposed order and jointly request that it be entered.

Dated August 29, 2018

Respectfully submitted,
/s/ *Hugh Murray*
**Hugh Murray**
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 275-6753
hmurray@mccarter.com
*Attorney for Plaintiff*

**Craig Bonnist, Esq.**
McCarter & English, LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
Telephone: (203) 299-5919
cbonnist@mccarter.com
*Attorney for Plaintiff*

**Hugh Cuthbertson, Esq.**
Zangari Cohn Cuthbertson Duhl & Frello P.C.
59 Elm Street, Suite 400
New Haven, CT 06510
(203) 786-3710

hcuthbertson@zcclawfirm.com
*Attorney for Defendants*

**Mark Vegh, Esq.**
Wells Small Fleharty & Weil Attorneys at Law
P.O. Box 991828
292 Hemsted Drive
Redding, CA 96099
(530) 223 – 1800
mvegh@wsfwlaw.com
*Attorney for Defendants*