**EXHIBIT A**

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (hereinafter, referred to as "Agreement") is entered into by and between JOHN K. WILSON (hereinafter, referred to as "Plaintiff") and DATARAY, INC., STEVEN E. GARVEY, JOY E. GARVEY, KEVIN E. GARVEY, MELINDA M.G. DRAGONE, and NATALIA G. TJANDRA (collectively, hereinafter, referred to as "Defendants"). Plaintiff and Defendants are sometimes non-specifically referred to in this Agreement as "Parties" or individually as "Party."

### RECITALS

WHEREAS, Plaintiff performed services for Defendant DataRay, Inc. for many years, until on or about September 8, 2017.

WHEREAS, on or about November 1, 2017, Plaintiff filed a civil complaint in the United States District Court for the District of Connecticut, in that certain action entitled *JOHN K. WILSON v. DATARAY, INCORPORATED, STEVEN E. GARVEY, JOY E. GARVEY, KEVIN E. GARVEY, MELINDA M.G. DRAGONE, and NATALIA G. TJANDRA*, Civil Action No. 17-1838, alleging violation of the Fair Labor Standards Act: failure to pay overtime; violation of the Fair Labor Standards Act: failure to pay wages; breach of contract; and violation of Conn. Gen. Stat. § 31-76k.

WHEREAS, on or about April 2, 2018, Defendant DataRay, Inc. filed a counterclaim against Plaintiff, alleging misappropriation of trade secrets, The Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.; intentional interference with prospective economic relations; unfair competition; breach of oral contract; fraud; negligent misrepresentation of fact; and conversion. Plaintiff's complaint and Defendant DataRay, Inc.'s counterclaim are collectively, hereinafter, referred to as "the Action."

WHEREAS, Defendant DataRay, Inc., had previously filed a lawsuit against Plaintiff in California Superior Court, which lawsuit has since been dismissed (the "California Action").

WHEREAS, Plaintiff and Defendants have now compromised and settled the Action.

### AGREEMENTS

Therefore, the Parties agree as follows:

1. **Mutual General Release of Claims**. Plaintiff and Defendants hereby release, acquit, and forever discharge the other Party(ies), and any and all of Plaintiff's and Defendants' officers, directors, agents, employees, representatives, subsidiaries, affiliated businesses, heirs, administrators, successors and assigns, and all other persons who might be claimed to be liable (collectively, hereinafter, referred to as "Released Parties"), from any and all claims that Plaintiff and Defendants ever had, has, or may have against the other Party(ies) and all Released Parties

ME1 27976178v.1

2

related to or arising out of any prior acts up to the present time. Further, Plaintiff and Defendants shall not directly or indirectly participate, assist, or cooperate in any claim, suit, complaint, action or proceeding against the other Party(ies), unless and to the extent required by law.

2. **Settlement of Claims**. Plaintiff and Defendants agree that this Agreement settles all issues and claims that Plaintiff and Defendants have against the other Party(ies) and all Released Parties and each of them, and release the other Released Parties and each of them from all liability for any such claims, including but not limited to all claims in the Action and the California Action. By executing this Agreement, Plaintiff and Defendants intend to and do hereby extinguish any such claims.

3. **Claims Covered**. Claims covered by this Agreement include, but are not limited to, any and all claims, direct or indirect, demands, damages, obligations or causes of actions, whether based on tort, contract, state or federal statutory liability or other theories of recovery. Though this is not a complete list, examples of the types of claims that Plaintiff and Defendants are giving up include claims under the federal Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and claims for wrongful termination, defamation, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract and unpaid wages. This release also includes, but is not limited to, claims by Defendants or by Plaintiff related to alleged misappropriation of trade secrets and/or confidential information, violation of the Defend Trade Secrets Act, 18 U.S.C. 1836 et seq., intentional interference with prospective economic relations, unfair competition, breach of contract, fraud, misrepresentation, and/or conversion.

4. **No Other Complaints Previously Filed**. Plaintiff and Defendants represent that neither they, nor anyone acting on their behalf, have filed any charge, complaint, claim, lawsuit or action against the other Party(ies), other than the Action and the California Action referred to above. This representation covers all other complaints or claims, including those filed with any court, and any administrative, local, state, federal, or other governmental agency or department.

5. **Monetary Consideration**. In consideration of the promises by Plaintiff, Defendants agree to pay Plaintiff the amount of Two Hundred Thousand and No/100ths Dollars ($200,000.00) (hereinafter, the "Settlement Amount"). This Settlement Amount will be paid in the following manner:

   A. Five Thousand and No/100ths Dollars ($5,000.00) allocated as payment for Plaintiff's alleged damages for violation of the Fair Labor Standards Act (the First, Second and Third Causes of Action). For purposes of this settlement, this amount will be allocated as payment for wages, and appropriate tax withholdings will be deducted from such amount. To determine appropriate withholdings, Plaintiff agrees to provide a completed W-4 Form to Defendants. An IRS Form W-2 will be issued for tax purposes. This amount will be payable to "John K. Wilson."

   B. One Hundred Twenty-Eight Thousand, Forty Nine and No/100ths Dollars

3

($130,549.00) allocated as payment for non-wage damages and attorneys' fees. This amount will be paid in a lump sum without any deductions or withholdings. An IRS Form 1099 will be issued for tax purposes. This amount will be payable to John Wilson.

C. Sixty Six Thousand Five Hundred Twenty Four and No/100ths Dollars ($64,024.00) allocated as attorneys' fees. This amount will be paid as a lump sum without any deductions or withholdings. This amount will be payable to "McCarter & English, LLP." An IRS Form 1099 will be issued for tax purposes. McCarter & English, LLP agrees to provide a completed W-9 Form to Defendants by sending it to the attention of Defendants' attorney, Mark A. Vegh, Wells, Small, Fleharty & Weil, 292 Hemsted Drive, Suite 200, Redding, California 96002.

D. Four Hundred Twenty Seven and No/100ths Dollars ($427.00) allocated a reimbursement for costs. This amount will be paid as a lump sum without any deductions or withholdings. This amount will be payable to "McCarter & English, LLP." An IRS Form 1099 will be issued for tax purposes. McCarter & English, LLP agrees to provide a completed W-9 Form to Defendants by sending it to the attention of Defendants' attorney, Mark A. Vegh, Wells, Small, Fleharty & Weil, 292 Hemsted Drive, Suite 200, Redding, California 96002.

E. The Settlement Amount will be delivered to Plaintiff in care of Plaintiff's attorneys, McCarter & English, LLP, Attn: Hugh F. Murray, III, CityPlace I, 185 Asylum Street, Hartford, Connecticut 06103. The Settlement Amount will be paid by or before September 23, 2018, provided that (a) Plaintiff has not revoked this Agreement pursuant to Section 11 of this Agreement and (b) the Court has approved the settlement of the FLSA portion of this Agreement. If the Court approves the settlement agreement after September 23, then payment will be made on the next regular business day after approval.

F. The Parties understand that settlement of the FLSA portion of the Claim requires review and approval of the settlement by the Court, and agree to cooperate in taking all steps necessary to obtain such approval. This Agreement shall not take effect unless and until approved by the Court.

6. **Dismissal of the Action**. Plaintiff and Defendants agree to dismiss the Action, with prejudice, within five (5) business days after Plaintiff's receipt, through his attorneys, of the Settlement Amount.

7. **No Reemployment Rights**. Plaintiff relinquishes any and all rights regarding reemployment or reinstatement with Defendants.

8. **Return of "Confidential Information" and DataRay, Inc.'s Property**. Plaintiff confirms that he is not in possession of any confidential information belonging to DataRay and

ME1 27976178v.1

4

he has instructed and authorized his counsel to discard any confidential information provided in connection with this litigation, including but not limited to DataRay's customer lists. Plaintiff further agrees and warrants that he has not made, and will not make, available to any person or entity for use, inspection or copying at any time, any of the confidential information belonging to DataRay. In addition, Plaintiff agrees that he will not use, or disclose to any person or entity, any of the confidential information belonging to DataRay. Nothing in this Agreement prohibits or limits Plaintiff from soliciting or otherwise engaging with any customer or potential customer without using DataRay confidential information.

9. **Tax Consequences of this Agreement**. Plaintiff agrees that he is solely responsible and liable for all tax obligations, if any, resulting from payment of the Settlement Amount, including all reporting and payment obligations that may arise as a consequence of this Agreement, except as specifically set forth in Section 5 above. Plaintiff further agrees to hold harmless and indemnify Defendants from any claims, liens, assessments and taxes that may attach to or against the proceeds of this settlement.

10. **Plaintiff Should Consult an Attorney**. Plaintiff is advised to review the terms of this Agreement with an attorney of his choice.

11. **ADEA Notice – Time to Consider this Agreement**. Plaintiff acknowledges that in accordance with the Age Discrimination in Employment Act, as amended by the Older Worker Benefits Protection Act ("OWBPA"), Defendants have given him at least twenty-one (21) calendar days to consider signing this Agreement. Plaintiff may, however, waive any portion of this 21-day period, by signing and returning this Agreement before the expiration of this period. After signing this Agreement, Plaintiff will have seven (7) additional calendar days as provided by the OWBPA in which to revoke this Agreement. To be effective, any revocation of this Agreement must be in writing and delivered to Defendants in care of their attorneys, Hugh W. Cuthbertson, Zangari Cohn Cuthbertson Duhl & Grello P.C., 59 Elm Street, Suite 400, New Haven, CT 06510, and Mark A. Vegh, Wells, Small, Fleharty & Weil, 292 Hemsted Drive, Suite 200, Redding, California 96002. This Agreement is not effective or enforceable until the eighth (8th) calendar day following the date that Plaintiff signs it.

12. **Attorneys' Fees and Costs**. Each Party hereto shall bear all attorneys' fees and costs arising from the actions of his/her/its own counsel in connection with the Action, this Agreement and the matters and documents referred to herein, the filing of a Dismissal of the Action, and all related matters.

13. **No Admission of Liability**. This Agreement shall not operate or be construed as an admission by Plaintiff or Defendants of any liability to or misconduct against the other Party(ies).

14. **Remedies**. If any Party breaches this Agreement, the aggrieved Party shall be entitled to an injunction, to be issued by any competent court of equity, enjoining and restraining

MEI 27976178v.1

5

the offending Party from the continuance of any act which breaches this Agreement. Furthermore, the Parties may pursue all other rights and remedies available to them at law or in equity. In the event of any litigation with the enforcement of any provisions of this Agreement, the prevailing Party shall be entitled to reasonable attorney's fees, expenses and costs to the full extent permitted by applicable law.

15. **Governing Law**. This Agreement is entered into and governed by the laws of the State of Connecticut.

16. **Effective Date and Scope of this Agreement**. This Agreement is effective on the eighth (8th) calendar day following the date on which Plaintiff signs it, and reflects the entire agreement between the Parties relating to the subject matter contained herein. This Agreement supersedes any and all prior or contemporaneous oral or written understandings, statements, contracts, representations or promises related to the subject matter of this Agreement.

17. **Voluntary Action**. Each Party represents and warrants that in executing this Agreement, he/she/it has relied on legal advice from an attorney licensed to practice before the United States District Court, District of Connecticut, who is the attorney of his/her/its choice, that the terms of this Agreement and its consequences have been completely read and explained to him by that attorney, and that each Party fully understands the terms of this Agreement. The Parties acknowledge and warrant that his execution of this Agreement is free and voluntary.

18. **Jointly Prepared Agreement**. The text of this Agreement is the product of negotiation among the Parties and is not to be construed as having been prepared by any one Party, but shall be construed as if both Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party.

19. **Counterparts**. This Agreement may be executed in counterparts and via facsimile and/or email, the originals of which will comprise one original.

6

In Witness Whereof, the Parties have executed this Agreement as of the day and year written below.

"PLAINTIFF"

_Aug 28, 2018_  
Date

_[signature]_  
John K. Wilson

"DEFENDANTS"

DATARAY, INC.

By _____

Date

(Print Name and Title)

STEVEN E. GARVEY

_____  
Date

Steven E. Garvey

JOY E. GARVEY

_____  
Date

Joy E. Garvey

KEVIN E. GARVEY

_____  
Date

Kevin E. Garvey

MELINDA M.G. DRAGONE

_____  
Date

Melinda M.G. Dragone

NATALIA G. TJANDRA

7

_____                    _____
Date                                       Natalia G. Tjandra

ME1 27976178v.1

