UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN K. WILSON,<br>Plaintiff,<br><br>v.<br><br>DATARAY, INCORPORATED, STEVEN E. GARVEY, JOY E. GARVEY, KEVIN E. GARVEY, MELINDA M.G. DRAGONE, and NATALIA G. TJANDRA,<br><br>Defendants. | : <br> : <br> : <br> : <br> : CIVIL ACTION NO.: 17-1838<br> : <br> : <br> : <br> : <br> : |

## DECLARATION OF HUGH MURRAY

I, Hugh Murray under penalty of perjury, affirm as follows:

1. I am an attorney with McCarter & English, LLP ("M&E"), counsel for Plaintiff in the above captioned matter. Together with Craig Bonnist, Esq. of M&E, I have been primarily responsible for the prosecution of Plaintiff's claims against Defendants in this matter.

2. I make this declaration in support of Plaintiff's and Defendants' Joint Motion for the approval of the parties' settlement of the wage and hour claims in this action. I am personally familiar with the facts discussed herein.

3. The Plaintiff's claims against the Defendants consist of both wage and hour claims under the Fair Labor Standards Act ("FLSA") and contract claims that arose under state law.

4. In their efforts to achieve a settlement, the parties participated in an all-day settlement conference with Magistrate Judge William I. Garfinkel on August 7, 2018. Those

11. The settlement negotiations were conducted after the parties exchanged and obtained sufficient information to make an informed decision about the benefits of the settlement in comparison with continued litigation.

12. The parties exchanged informal discovery, including the exchange of documents, for the purpose of settlement and the parties also provided their counsel with relevant factual information from their own personal knowledge. The parties and their counsel thus had sufficient information to evaluate the strengths and weaknesses of the claims and defenses.

13. The parties dispute the amount owed to Plaintiff for unpaid overtime wages under the FLSA. The Plaintiff alleges that he was instructed to limit the number of hours he reported to his employer to 88 hours in a bi-monthly period, but that he worked substantially more than that and that the Defendants knew that he worked substantially more than that. The Defendants raised several defenses to the FLSA claims, including: (1) that the Plaintiff was not an employee subject to the FLSA because he was an independent contractor; (2) that if Plaintiff were an employee, he was exempt from overtime under the outside sales exemption of the FLSA; and (3) that the Plaintiff did not work the number of overtime hours that he alleges he worked. The Defendants allege that even if he were a non-exempt employee, the range of unpaid overtime in under $1,000. The Plaintiff contends that the unpaid overtime exceeded $50,000. As part of the global settlement, the parties agreed to settle all FLSA claims for a total of $5,000.

14. In Plaintiff's Counsel's estimation, in light of the strengths and weaknesses of this case, and the discrepancy of how much overtime is owed, the global settlement amount is

reasonable because it represents a significant benefit for the Plaintiff where failure on one or more issues at trial or on appeal is possible. The amount allocated as FLSA settlement is also reasonable considering the defenses raised by the Defendants and the uncertainty of litigation.

15. In addition to the risk that Defendants could prove that the outside sales exemption of the FLSA was applicable, which would result in the Plaintiff recovering considerably less in damages or no damages at all, any recovery may not be obtained for several years.

16. Because this matter involves a global settlement of all claims asserted between the parties, including counter-claims, the settlement contains mutual general releases. In light of these circumstances, the parties believe that this is fair and reasonable.

17. The global settlement agreement to which the Parties have agreed is appropriate given the claims and counter-claims asserted.

18. Plaintiff's Counsel is thus satisfied that the terms and conditions of the Agreement are fair, reasonable, and adequate, and that the Agreement is in the best interests of Plaintiff.

### ATTORNEYS' QUALIFICATIONS, FEES & COSTS

19. McCarter & English, LLP is a law firm that practices labor and employment litigation matters, including individual wage and hour litigation, as well as discrimination and harassment claims.

20. Hugh Murray, who received his law degree from Boston College Law School in 1990, has been a partner at M&E since 2015. From 1992 until 2015, Mr. Murray was with the

firm of Murtha Cullina, LLP, first as an associate and, beginning in 1997, as a partner. During this period, he has represented clients in numerous FLSA wage and hour individual actions in this Court and in the District of Massachusetts.

21. Craig Bonnist, who received his law degree from American University, Washington College of Law, in 1991, has been a partner at M&E since 2013. Prior to becoming a partner at M&E, Mr. Bonnist first served as an associate at Putney, Twombly, Hall & Hirson LLP in their Manhattan Office. Mr. Bonnist later became a founding partner of Bonnist & Cutro, LLP. During this period, Mr. Bonnist has served as plaintiffs'-side counsel in numerous FLSA wage and hour actions.

22. M&E has spent significant attorney and paralegal time litigating this case.

23. The attorneys' fees awarded in connection with the wage-and-hour claims represent one-third of the amount being paid by the Defendants to settle the wage-and-hour claims. These fees are less than the fees would be on an hourly basis.

24. In light of the above, and for the reasons set forth herein and in the Memorandum of Law, the Court should approve the parties' Agreement and their Joint Motion for Court approval of the settlement agreement in this action.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 29th day of August, 2018.

_____
Hugh Murray