UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN K. WILSON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :<br>: Case No.: 17-cv-1838 |
| DATARAY, INCORPORATED, STEVEN E. GARVEY, JOY E. GARVEY, KEVIN E. GARVEY, MELINDA M.G. DRAGONE, and NATALIA G. TJANDRA, | :<br>:<br>: |
|     Defendants. | :<br>: |

**ORDER APPROVING SETTLEMENT**

WHEREAS, this action has been brought by Plaintiff John K. Wilson (the "Plaintiff") and includes claims for unpaid minimum wages and overtime under the FLSA (the "Wage Claims"); and

WHEREAS, an all-day settlement conference was conducted by Magistrate Judge Garfinkel on August 7, 2018, which was attended by Plaintiff John K. Wilson and Plaintiff's Counsel and by Defendants Joy E. Garvey and Kevin E. Garvey and Defendants' Counsel; and

WHEREAS, the Plaintiff and Defendants (collectively, the "Parties") reached a settlement of all claims asserted in the action, subject to approval by the Court; and

WHEREAS, the Parties have moved for approval of the settlement of the Wage Claims and have submitted supporting memoranda.

IT IS on this 5th day of September 2018 ORDERED that:

  A. The settlement of the Wage Claims is approved for the reasons set forth below; and

  B. This action, including the Wage Claims and all other claims asserted in the action, is dismissed with prejudice, and without fees or costs except as provided in the settlement agreements between the Parties.

The reasons for approval are as follows:

  1. Magistrate Judge Garfinkel presided over the settlement conference, and the negotiations were conducted at arms-length by experienced counsel. *Russell v. Broder & Orland, LLC*, 2018 U.S. Dist. LEXIS 104654, *12-15 (approving settlement negotiated at arms-length before Magistrate Judge Garfinkel, where the Plaintiff was represented by two attorneys with significant experience).

  2. Counsel for Plaintiff and Counsel for the Defendants submit that the settlement is fair and reasonable in light of the discovery exchanged to date, the information obtained from the respective parties, and the claims and defenses asserted. The opinion of experienced counsel supporting the settlement is entitled to considerable weight. *Lassen v. Hoty Livery, Inc.*, 2018 U.S. Dist. LEXIS 45765, *4-5.

  3. Plaintiff's counsel Hugh Murray and Craig Bonnist of McCarter & English are experienced wage and hour litigators. Plaintiff was thus adequately represented by counsel from the inception of this litigation until the settlement was reached. *Russell*, 2018 U.S. Dist. LEXIS 104654, *14-15 (finding Plaintiff was adequately represented where represented by two

attorneys with significant experience, both of whom "came to a similar conclusion regarding the settlement").

4. The parties have exchanged informal discovery and obtained sufficient information, including the exchange of documents. The parties had sufficient information to evaluate the strengths and weaknesses of the claims and defenses.

5. The Defendants have asserted defenses which include the following:

   a) <u>The Statute of Limitations.</u> The statute of limitations for a cause of action for minimum wage or overtime claims under the FLSA is two (2) years, unless a violation is proven to be willful, in which case the statute of limitations is extended to three (3) years. 29 U.S.C. § 255(a). Some of the damages that the Plaintiff has claimed for unpaid wages and overtime are for time periods outside of the two-year statute of limitations period. In order to prevail on all of these claims, Plaintiff would have to establish that Defendants committed a willful violation and that the three-year statute of limitations applies. Defendants have contended that Plaintiff would not be able to establish a willful violation. If Plaintiff were to fail to prove a willful violation, a portion of his claims would be time-barred, and he would only be able to recover for violations within the two-year statute of limitations.

   b) <u>The Outside Salesperson Exemption</u>. Under 29 C.F.R. § 541.500, an employee is exempt from minimum wage and overtime if the employee's primary duty is: making sales and the employee is customarily and regularly engaged away from the employer's place or places of business in performing such primary

duty.  The parties dispute whether the Plaintiff was regularly engaged away from the employer's place or places of business.  If Defendants were to prevail on this issue, the Plaintiff would lose his claims and recover nothing.

      c)      <u>The Good Faith Defense to Liquidated Damages</u>.  Under 29 U.S.C. § 260, even if a violation of the FLSA is proven, liquidated damages will not be awarded if the defendant established that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA.  Defendants claim to have relied on the invoices submitted by Plaintiff to calculate wage payments.  Plaintiff claims that Defendants prevented him from accurately recording hours worked.  The parties dispute the accuracy of invoices submitted, and the amount of time Plaintiff worked.

      d)      <u>The Plaintiff's Alleged Failure to Report Hours Worked</u>.  Plaintiff alleges that he worked hours that he did not record on his timesheets per Defendants' instruction limiting the number of hours he could record.  Defendants have produced time sheets for Plaintiff which show hours recorded under the alleged 88 hour time limit.  The Parties dispute whether hours worked by Plaintiff were not recorded because Defendant limited Plaintiff from reporting all hours worked or because Plaintiff did not work the hours he did not report.

6.      There are multiple additional bona fide disputes regarding the Wage Claims and the defenses, including the following:

      a)      Whether the Plaintiff was misclassified as an independent contractor;

4

    b)    Whether the Plaintiff worked the hours he claimed to have worked;

    c)    Whether Plaintiff was regularly engaged away from the Defendants' regular places of business when making sales and exempt from the FLSA's minimum wage and overtime requirements;

    d)    If Plaintiff was not exempt, and not paid for all hours worked, whether the Defendants acted in good faith;

    e)    If the Defendants violated the FLSA, whether the violation was willful. *Matysiak v. Shamas*, 2015 WL 4939793, at *5 (D. Conn. Aug. 17, 2015) (willfulness was disputed, and if conduct was not willful, two-year statute of limitations would apply and some of Plaintiff's damages are not recoverable);

In light of bona fide disputes and the defenses, it is uncertain whether Plaintiff would prevail or recover any damages at the conclusion of this action, after a lengthy litigation and the immediate and certain recovery though the parties' settlement provides substantial benefit to the Plaintiff. *See Stickel v. SMP Servs., LLC.,* 2016 WL 82716, at *2 (M.D. Pa. Mar. 1, 2016) (FLSA Settlement approved where the parties disagreed over whether Plaintiff worked overtime hours, the "applicability of any liquidated damages provisions," whether the plaintiff was exempt under the FLSA, and whether the Defendants violated the FLSA).

    7.    The material terms of the settlement of the Wage Claims were placed on the record. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015).

8. The amounts to be paid to the Plaintiff pursuant to the settlement are fair and reasonable in light of the bona fide disputes and defenses. *Russell*, 2018 U.S. Dist. LEXIS 104654, *12-15 (settlement was reasonable in light of significant litigation risk).

9. In exchange for the settlement payment on the Wage Claims, Plaintiff is releasing all claims under the wage laws, including wage-related retaliation claims. Because this matter involves a global settlement of all claims asserted between the parties, including counter-claims, the settlement contains mutual general releases. In light of these circumstances, the parties believe that this is fair and reasonable.

So ordered.

Dated at Bridgeport, Connecticut, this 5th day of September 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge